UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DAVID GUIDICE,

                           Plaintiff,

             -against-

TIMOTHY STEINMAN P.O. 7218/110/5 and SUFFOLK
COUNTY POLICE DEPARTMENT 1ST PRECINCT,

                        Defendants.
-------------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**
25-CV-1518 (GRB) (ARL)

**LINDSAY, Magistrate Judge:**

The *pro se* incarcerated plaintiff, David Guidice ("Guidice"), commenced this action on March 17, 2025, alleging that during his arrest on November 9, 2024, the defendant Timothy Steinman ("Steinman") used excessive force resulting in his hospitalization for a number of days. ECF No. 1. At the time, Guidice was incarcerated at the Suffolk County Correctional Facility in Riverhead, New York.[1] *Id.* On June 30, 2025, before the summonses were returned, Guidice asked the Court to change his address to 912 Fire Island Avenue, West Islip, New York. ECF No. 11.

On September 9, 2025, the defendants filed their answer denying the allegations in the complaint. ECF No. 14. Shortly thereafter, the undersigned issued an order scheduling an initial conference for October 9, 2025. ECF No. 16. A copy of the order was mailed to Guidice by certified mail at the West Islip address. However, the following day, counsel for the defendants advised the Court that despite Guidice's request to change his address to West Islip, the defendants learned that Guidice had been transferred from the Suffolk County Correctional

---

[1] Initially, the case was assigned to the undersigned as the presiding judge pursuant to a Pilot Program governed by EDNY Administrative Order 2023-23. In that role, the undersigned granted Guidice's motion for leave to proceed in forma pauperis on March 25, 2025, and directed the United States Marshal Service to service a copy of the complaint on the defendants. Electronic Order dated March 25, 2025.

1

Facility to Lakeview Shock Incarceration Correctional Facility ("Lakeview") where he was still serving 1.5 to 3 years for assault in the second degree. ECF No. 18. Accordingly, on September 18, 2025, the undersigned canceled the October 9 conference and entered a scheduling order utilized for incarcerated litigants, which required Guidice to prepare a written narrative statement of the facts he anticipated presenting at trial by October 31, 2025. ECF No. 20. A copy of the new scheduling order was mailed to Guidice at Lakeview by certified mail. *Id*.

On November 5, 2025, the case was reassigned to District Judge Brown. Then, on December 16, 2025, the Court received another letter from the defendants indicating that in attempting to serve discovery demands on Guidice, counsel learned that he had been released from Lakeview. ECF No. 22. By that point, the Court had also attempted to mail Guidice an updated docket sheet that was returned as undeliverable. Accordingly, on December 17, 2025, the Court entered an Order to Show Cause in writing, as to why the case should not be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to keep the Court informed of his current mailing address. Electronic Order dated December 17, 2025. The Court noted in the Order to Show Cause that by Order dated September 18, 2025, all parties were advised that they were under a continuing obligation to keep the Court appraised of any changes in their contact information including, but not limited to, their addresses and that failure to do so could lead to the entry of a dismissal or default.

The following day, the Court's Pro Se Department confirmed that Guidice had been released on parole and had an address of Fire Island Avenue in West Islip. On January 2, 2026, the Court received notice that the Order to Show, which had been mailed to Lakeview, was returned. The notification indicated that Lakeview was unable to forward the Court's order to Guidice. Accordingly, the Court remailed an updated docket sheet and the December 17 Order

to Show Cause to Guidice at his prior West Islip address.  To date, he has not responded.

Federal Rule of Civil Procedure 41(b) provides a district court with the authority to dismiss an action for failure to prosecute or to follow a court order.  Fed. R. Civ. P. 41(b); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).  Failure to prosecute can "evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). Courts must "evaluate the record in its entirety because '[n]o one factor is dispositive.'" *United States ex rel. Weiner v. Siemens AG*, 87 F.4th 157, 164 (2d Cir. 2023) (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). "As 'no one factor is dispositive,' courts need only provide an explanation for the dismissal rather than consider each factor." *Nodify, Inc. v. Kristan*, No. 17-CV-2201, 2020 WL 13566475, at *1 (E.D.N.Y. Apr. 17, 2020) (quoting *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001)), report and recommendation adopted, 2020 WL 13566476 (E.D.N.Y. May 6, 2020).

In this case, Guidice was advised of his continuing obligation to keep the Court apprised of any changes in his contact information and was warned that his failure to do so could lead to the entry of dismissal.  Despite repeated attempts, neither counsel for the defendants nor the

Court has been able to contact Guidice.  Indeed, when Guidice filed a notice of change of address in June requesting that his address be changed to West Islip, he was still incarcerated and the Court was required to update his address to Lakeview.  ECF No. 22. Clearly by this action alone, Guidice understood the need to keep the court apprised of his address.  Unaware Guidice had been released in October, the Court initially mailed the Order to Show Cause to Lakeview.  When the Court then learned through a Bureau of Prisons ("BOP") search that Guidice had, in fact, been released on parole, the Court remailed the Order to Show Cause to the address listed with BOP, that being, the West Islip address.  Now, sixty days have passed and Guidice has had no contact with the Court.

Under these circumstances, the matter cannot proceed.  Certainly, the defendants would be prejudiced should this case remain open, to say nothing of the need to alleviate court congestion where the plaintiff has been nonresponsive.  The undersigned, therefore, respectfully recommends that this case be dismissed with prejudice for failure to prosecute.  *Adams v. City of New York N.Y.P.D.*, 16 Civ. 6799 (GBD) (BCM), 2018 WL 1801294, at *1 (S.D.N.Y. Apr. 12, 2018) (dismissing pro se complaint pursuant to Rule 41(b) where plaintiff had been warned that failure to comply with the Court's orders could result in dismissal).

Dated:   Central Islip, New York
              March 9, 2026

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge